**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TRACEY RHODES, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 1:15-cv-1067-WTL-TAB |
| ) | |
| INDIANA ATTORNEY GENERAL ) | |
| GREG ZOELLER, ) | |
| ) | |
| Respondent. ) | |

**Entry Concerning Selected Matters**

It is known from proceedings in the civil rights action docketed as No. 1:13-cv-0165-SEB-MJD that the prosecution of Tracy Rhodes in Howard County in No. 34D02-0602-FC-0036 concluded with Rhodes pleading guilty to four counts of sexual misconduct on October 10, 2007 and being sentenced for such offenses on November 14, 2007.

Rhodes has now filed a petition for writ of habeas corpus, which has gotten off on the wrong foot. This Entry puts the case back on track through the following rulings:

1. The only proper respondent in an action for habeas corpus is the petitioner's custodian, named in his or her official capacity. *Rumsfeld v. Padilla,* 542 U.S. 426, 434–35 (2004) ("[T]here is generally only one proper respondent to a given prisoner's habeas petition" and that in a case challenging present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not . . . some other remote supervisory official."). None of the individuals, businesses or agencies designated as co-respondents is Rhodes' custodian. All such co-respondents are therefore **stricken.**

2. The motions to dismiss filed by certain of the designated respondents [dkts 12, 19 and 20] are **denied as moot.**

3. Rhodes' motion for extension of time to respond to directions in the Entry of July 14, 2015 [dkt 16] is **granted.** He shall have **through September 1, 2015** in which to do so.

4. Rhodes' address and his habeas petition do not indicate that he is presently confined. For the present, Indiana Attorney General Greg Zoeller is **designated as the respondent** as shown in the caption of this Entry.

5. The court is obliged to conduct a preliminary review of the habeas petition pursuant to pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts.* Rhodes' response to the directions in the Entry of July 14, 2015 is expected to aid the court in doing so for at least the reason that, as the Court of Appeals for the Third Circuit has put it, "custody is the passport to federal habeas corpus jurisdiction." *Dessus v. Commonwealth of Penn.,* 452 F.2d 557, 559-60 (3d Cir. 1971), *cert. denied,* 409 U.S. 853 (1972).

6. Rhodes' motion for appointment of counsel has also been considered. The core of this motion is Rhodes' contention that "[i]t places undue heavy burdens upon Petitioner to represent himself due to the exceptional circumstances and complex legal issues of this particular case."

    a. Whether to appoint counsel is purely a discretionary matter. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."); *see also Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997).

    b. The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994).

    c. Here, the habeas petition has already been prepared and filed. It presents Rhodes' claims using the terminology and principles associated with the relief he seeks. The habeas

petition presents Rhodes' claims in a logical fashion which shows his familiarity with both the circumstances of his own prosecution and conviction and the legal principle on which his request for relief is based. Apart from this, the petitioner has the means (writing materials, etc.) to present his claims in this action and is literate and seems fully aware of the proceedings involving his conviction and sentence.

d.      The pivotal factor in considering the motion for appointment of counsel here is the fact that there is nothing in Rhodes' habeas challenge that is likely to turn on substantial and complex procedural, legal or mixed legal and factual questions. There are no extraordinary circumstances in this case and the circumstances noted above do not show that it is in the interest of justice to appoint counsel for the petitioner. The motion for the appointment of counsel [dkt 14] is **denied.**

IT IS SO ORDERED.

Date:  8/11/15

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

TRACEY RHODES
7511 N. 140 E.
Alexandria, IN 46001

Electronically Registered Counsel