UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |  | |
|---|---|---|---|
| TRACEY RHODES, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| v. | ) | Case No. 1:15-cv-1067-WTL-TAB | |
| | ) | | |
| INDIANA ATTORNEY GENERAL | ) | | |
| GREG ZOELLER, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Tracy Rhodes was convicted of four counts of sexual misconduct in Howard County in No. 34D02-0602-FC-0036. This is referred to hereafter as "the Howard County conviction." He was sentenced for such offenses on November 14, 2007. Rhodes has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

Rhodes' motion to correct the caption [dkt 24] is denied as unnecessary because the proper caption was discussed and established in the Entry of August 11, 2015.

The court is obliged to conduct a preliminary review of the habeas petition pursuant to pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts*. Having conducted such review, and considering Rhodes' habeas petition and his filing of August 12, 2015, the court concludes that jurisdiction is absent.

In any case brought in federal court, the plaintiffs' first hurdle is showing that the court has jurisdiction to decide the merits of the case. *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 341–42 (2006).  "The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to

the judgment of a State court.' 28 U.S.C. § 2254(a)." *Lackawanna County Dist. Atty. v. Coss,* 532 U.S. 394, 401 (2001). The statutory "in custody" requirement is jurisdictional. *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (per curiam).

"As a general matter, if a petitioner 'is no longer serving the sentences imposed pursuant to' the conviction challenged in a petition, he 'cannot bring a federal habeas petition directed solely at' that conviction." *Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015)(quoting *Lackawanna Cnty. Dist. Attorney v. Coss,* 532 U.S. 394, 401 (2001). Rhodes cannot satisfy the "in custody" requirement as just explained because he has fully served the sentence for the Howard County conviction. *Id.* at 719 ("a habeas petitioner is not 'in custody' pursuant to a particular conviction unless his physical liberty of movement is limited in a non-negligible way, and that limitation is a *direct* consequence of the challenged conviction").

Rhodes offers two reasons why he believes he satisfies the "in custody" requirement of the federal habeas statute. *The first* is that he is subject to a lifetime requirement of registration as a sex offender. This argument cannot be supported. It is the consensus of courts who have considered this point that such a requirement is not in itself sufficient to established custody. This is because "courts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas." *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008)(citing cases). *The second* is that Rhodes is *currently facing a new charge* in Madison County of failing to register as a sex offender. He release on bond in relation to that the and pending charge is doubtless a form of custody *as to the pending charge,* but does not amount to custody on the fully-served sentence for the Howard County conviction. *Evans v. Unknown Party*, No. 15-CV-634-DRH, 2015 WL 4111444, at *2 (S.D.Ill. July 7, 2015).

"The Supreme Court has interpreted the 'in custody' language as requiring that the habeas

petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Martin v. Deuth,* 298 F.3d 669, 671 (7th Cir. 2002) (citation omitted). Because Rhodes cannot meet this requirement as to the Howard County conviction, and because this is apparent from the face of his petition for writ of habeas corpus, that petition is denied and this action will be dismissed for lack of jurisdiction.

## II.

Judgment consistent with this Entry shall now issue.

## III.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Rhodes has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

_William T. Lawrence_

Date: 8/25/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

TRACEY RHODES
7511 N. 140 E.
Alexandria, IN 46001